# EXHIBIT A



| | |
|---|---|
| Laura Farina<br>1397 Deer Run<br>Bushkill, PA 18324<br><br>            Plaintiff<br><br>v.<br><br>Midland Credit Management, Inc.<br>350 Camino De La Reina, Suite 100<br>San Diego, CA 92108<br><br>            Defendant | IN THE PIKE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No. 61-2024 Civil<br><br>Jury Trial Demanded |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PIKE COUNTY COURTHOUSE
412 BROAD STREET
MILFORD, PA 18337
(570) 296-7231

PIKE COUNTY LEGAL AID SERVICES
810 MONROE STREET
STROUDSBURG, PA 18360
(570) 424-5338

PA LAWYER REFERRAL SERVICE
P.O. BOX 1086
100 SOUTH STREET
HARRISBURG, PA 17108
(Pennsylvania residents phone
1-800-692-7375; Out of state
Residents phone 1-717-238-6715)

| | |
|---|---|
| Laura Farina,<br>    Plaintiff<br>v.<br>Midland Credit Management, Inc.,<br>    Defendant | IN THE PIKE COUNTY<br>COURT OF COMMON PLEAS<br><br>Docket No. 61-2024 |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "the Act"). Defendant unfairly required Plaintiff to attend a hearing when Defendant did not even show up for the hearing.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.    Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III.    PARTIES

4.    Plaintiff is a natural person residing at 1397 Deer Run, Bushkill, PA, 18324.

5.    Plaintiff is, and at all relevant times was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Midland Credit Management, Inc. is an entity with an address of 350 Camino De La Reina, Suite 100, San Diego, CA 92108.

7.    The principal purpose of Defendant's business is the collection of debts.

8. Defendant has reason to believe that a non-trivial portion of the accounts that it collects are for obligations for which the money, property, insurance or services which were the subjects of the transactions were primarily for personal, family, or household purposes.

9. Defendant has reason to believe that it is probably true that the principal purpose of its business is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant regularly attempts to collect debts asserted to be due to another. The term "debt" is used in this allegation as that term is defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

IV.     STATEMENT OF CLAIM

12. The foregoing paragraphs are incorporated herein by reference.

13. Congress enacted the Act to prevent real harm. Congress found that "abusive debt collection practices [we]re carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce." 15 U.S.C. § 1692(d).

14. In order to help achieve this goal, the Act prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

15. Within the past year Midland Credit Management, Inc. ("Midland") was attempting to collect from Plaintiff an account that Plaintiff allegedly owed to it ("the Account").

16. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

17. Midland claims it purchased the Account from an unrelated third-party.

18. While attempting to collect the Account, Midland was acting as a "debt collector" defined by the Act, 15 U.S.C. § 1692A(6).

19. On February 27, 2023, Midland filed a lawsuit ("the Collection Lawsuit") against Plaintiff in Magisterial District Court.

Doc ID: 720f7ddd106a096cd0faad2e1461fc33f8641968

20. Pursuant to the Magisterial District Court rules, Plaintiff provided notice of his intention to defend against the Collection Lawsuit, and a notice of Plaintiff's intention to defend was then sent to Midland by the Magisterial District Court.

21. Midland received notice that Plaintiff intended to defend the Collection Lawsuit.

22. The hearing for the Collection Lawsuit was scheduled to happen on April 13, 2023 at 9:45 AM.

23. Between 9:00 AM and 9:45 AM on April 13, 2023, Midland, through counsel, called the Magisterial District Court to request a last-minute continuance, claiming that its lawyer was sick.

24. At this time, Plaintiff's counsel had already traveled to attend the April 13, 2023 hearing.

25. The Magisterial District Court granted this continuance, and rescheduled the hearing for June 15, 2023.

26. On June 15, 2023, Plaintiff, through counsel, again attended the hearing for the Collection Lawsuit.

27. However, a few minutes before the hearing was scheduled to begin, Midland, through counsel, *again* called the Magisterial District Court to request a last-minute continuance.

28. The reason given for Midland's last-minute request was again that its lawyer was sick.

29. Because Midland had already called and requested a last-minute continuance for the April 13, 2023 hearing, the Magisterial District Court denied the last-minute continuance request of the June 15, 2023 hearing.

30. As a result, the Magisterial District Court entered judgment in favor of Plaintiff.

Doc ID: 720f7ddd106a096cd0faad2e1461fc33f8641968

31. Thus, even though it was put on notice that Plaintiff intended to attend and present a defense at the hearing, Midland did not show up at the hearing on two separate occasions.

32. It is believed, and therefore averred, that the reason Midland did not attend either the April 13, 2023 hearing or the June 15, 2023 hearing was not related to an illness.

33. By requiring Plaintiff to appear at a hearing that Midland knew it would not be attending, Midland engaged in unfair litigation conduct in violation of 15 U.S.C. § 1692f. See *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128 (2d Cir. Nov. 14, 2017) and *Destro v. Tsarouhis Law Group, LLC, et al.*, 2019 WL 1327365 (M.D. Pa. March 25, 2019).

34. By failing to attend the hearing two times, and by waiting until the last minute to make two continuance requests, Midland used unfair and/or unconscionable means in an attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

35. By failing to attend a hearing on the Collection Lawsuit multiple times, Midland threatened to take an action that it did not intend to take—namely that it would be seeking to collect the Account from Plaintiff in the Collection Lawsuit—in violation of 15 U.S.C. §§ 1692e and § 1692e(5).

36. By failing to attend a hearing on the Collection Lawsuit multiple times, and waiting until minutes before the hearing to request a continuance, Midland engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as deemed just and proper.

## V. DEMAND FOR JURY TRIAL

37. Plaintiff demands a trial by jury as to all issues so triable.

Doc ID: 720f7ddd106a096cd0faad2e1461fc33f8641968

*/s/ Brett Freeman*

Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Brett Freeman*

Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

5

Doc ID: 720f7ddd106a096cd0faad2e1461fc33f8641968

## Verification of Complaint and Certification by Plaintiff

Plaintiff, Laura Farina, being duly sworn according to law, deposes as follows:

1. I am a plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12 / 11 / 2023

Laura Farina, Plaintiff

6

Doc ID: 720f7ddd106a096cd0faad2e1461fc33f8641968

# Dropbox Sign

Audit trail

| | |
|---|---|
| Title | Farina v MCM Complaint.pdf |
| File name | Farina%20v%20MCM%20Complaint.pdf |
| Document ID | 720f7ddd106a096cd0faad2e1461fc33f8641968 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT** — 12 / 07 / 2023 — 21:23:01 UTC
Sent for signature to Laura Farina (locathiega@yahoo.com) from shannon@freeman.law
IP: 68.70.25.163

**VIEWED** — 12 / 11 / 2023 — 20:17:42 UTC
Viewed by Laura Farina (locathiega@yahoo.com)
IP: 216.49.48.44

**SIGNED** — 12 / 11 / 2023 — 20:22:40 UTC
Signed by Laura Farina (locathiega@yahoo.com)
IP: 216.49.48.44

**COMPLETED** — 12 / 11 / 2023 — 20:22:40 UTC
The document has been completed.

Powered by Dropbox Sign